Filed 6/11/24  P. v. Wooten CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ISAIAH I. WOOTEN,<br><br>        Defendant and Appellant. | E082785<br><br>(Super. Ct. No. RIF106959)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Isaiah I. Wooten appeals the trial court's postjudgment order denying his petition for resentencing of his first degree attempted murder

1

conviction (Pen. Code,[1] §§ 664/187, subd. (a)) under section 1172.6 (formerly

§ 1170.95). Appointed counsel has filed a brief under the authority of *People v.*

*Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), requesting this court to conduct an

independent review of the record. In addition, defendant has had an opportunity to file a

supplemental brief with this court and has not done so. Because defendant's counsel

filed a brief raising no issues and the defendant was notified by this court and his counsel

that failure to timely file a supplemental brief may result in the dismissal of the appeal as

abandoned and was given an opportunity to file a personal supplemental brief but failed

to do so, we may dismiss the appeal as abandoned. (*Id*. at pp. 231-232.) However,

having exercised our discretion to conduct an independent review of the record, we

affirm the judgment. (*Ibid*.)

## II.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 15, 2002, the victim was walking to a friend's house in Lake

Elsinore when a car with three or four people inside drove toward him. As it passed by,

the person in the front passenger seat flashed gang signals and yelled "YPC." (YPC is an

acronym for Yarborough Park Crips, a predominantly Black gang.) The same car drove

toward the victim from behind a second time, and the driver flashed gang signs and said

---

[1] All future statutory references are to the Penal Code.

[2] A summary of the factual background is taken from this court's nonpublished opinion in defendant's direct appeal, case No. E040555. (*People v. Wooten* (April 10, 2008, E040555) [nonpub. opn.] (*Wooten I*).)

2

YPC. After the victim walked a few more blocks, the same car drove toward the victim a third time. This time, the front passenger leaned behind the driver and shot the victim in the chest and abdomen with a shotgun. The victim suffered approximately 60 wounds from shotgun pellets, and his lung had collapsed. (*Wooten I*, *supra*, E040555.)

The victim was positive the person who shot him was defendant. The victim identified defendant as the shooter in a photo lineup of six people, including defendant. At trial, the victim again identified defendant as the person who shot him. He testified that he got a good look at the shooter because "'we looked right at each other,'" and, "'he was the one holding the gun aimed at me.'" When asked how he could be so confident about his identification, he responded, "'[y]ou really don't forget a person holding a[.]12-gauge shotgun at you about ready to kill you. You don't forget that.'" When asked why he picked out the defendant's photo in the photo lineup, he said, because "'I saw the gun and I saw the shooter,'" and "'he's the one who shot me.'" (*Wooten I*, *supra*, E040555.)

On November 19, 2002-four days after the shooting-D.S., a friend of defendant's and his associates, informed investigating gang unit deputies that defendant told D.S. that he just "'shot a Mexican,'" and "'I shot an EYC.'" (EYC is an acronym for Elsinore Young Classics, a predominately Hispanic gang.) Defendant also stated he shot the victim in the stomach and watched him fall to the ground. Defendant was arrested later that afternoon. (*Wooten I*, *supra*, E040555.)

A jury found defendant guilty of one count of attempted murder (§§ 664/187, subd. (a), 664) and one count of discharging a firearm from a vehicle at another person

3

(§ 12034, subd. (c)).  Additionally, the jury found true allegations that defendant personally and intentionally discharged a firearm resulting in great bodily injury (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)).  The court sentenced defendant to life with the possibility of parole for the attempted murder conviction, plus a consecutive indeterminate term of 25 years to life for the weapon enhancement.  He was sentenced to five years on the second count, which was stayed pursuant to section 654.

On April 10, 2008, this court affirmed defendant's judgment in case No. E040555, and ordered the trial court to amend the abstract of judgment to correctly reflect the court's stay of the sentence on count 2.  (*Wooten I*, *supra*, E040555.)

On January 9, 2023, defendant in pro per filed a form petition to vacate his attempted murder conviction and seek resentencing pursuant to section 1172.6.  In his petition, among others, he checked the box stating he could not presently be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019, and requested appointment of counsel.

The trial court appointed counsel for defendant, and on May 25, 2023, appointed counsel filed a motion indicating defendant had made a prima facie showing for resentencing under section 1172.6.  The People subsequently filed a request for judicial notice of the complete jury instructions in defendant's case, our unpublished opinion

from defendant's direct appeal in case No. E040555, and defendant's record of conviction from the underlying case.[3]

On September 6, 2023, defendant filed a petition to recall his sentence under section 1170, subdivision (d)(1). The trial court summarily denied the request that same day without appointing counsel.

On May 25, 2023, defendant's appointed counsel filed a reply motion in support of defendant's section 1172.6 petition. Defense counsel argued that defendant had made a prima facie showing as to the minimum requirements for resentencing under section 1172.6 and requested the court issue an order to show cause and conduct an evidentiary hearing. The reply motion included the jury instructions given to the jury, as well as the jury instructions that were refused and withdrawn.

A hearing on the petition was held on December 8, 2023. The court noted that it had received and reviewed defendant's petition, briefs filed by the parties, and the jury instructions. In connection with the attempted murder count, the jury was instructed with, among other instructions, CALJIC No. 3.31.5 [Mental State]; CALJIC No. 8.66 [Attempted Murder]; CALJIC No. 8.67 [Attempted Murder – Willful, Deliberate, and Premeditated]; and CALJIC No. 17.19.5 [Intentional and Personal Discharge of a Firearm/Great Bodily]. Following argument by the parties, the trial court denied defendant's section 1172.6 petition without issuing an order to show cause because

---

[3] There is no indication in the record to show the trial court ruled on the request for judicial notice.

5

defendant was ineligible as a matter of law. The court determined that the instructions given to the jury show defendant could still be convicted of attempted murder under the law as it exists after January 1, 2019 because the instructions show defendant was convicted of attempted murder on a theory of express malice only and not under implied malice. The court noted the jury was not instructed on implied malice and had to determine whether defendant had the specific intent to kill. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Delgadillo*, *supra*, 14 Cal.5th 216, setting forth a statement of the case and a summary of the procedural background. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record for any arguable issues. Under *Anders*, which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders*, *supra*, at p. 744), counsel raises the issues of whether defendant made a prima facie case that he could not presently be convicted of attempted murder and whether the trial court improperly engaged in factfinding involving the weighing of evidence or the exercise of discretion at the prima facie stage in denying the petition.

Appointed counsel notified defendant that "he may personally file a supplemental brief or letter in this case, and his case will likely be dismissed if he fails to do so." We also notified defendant that he may personally file any supplemental brief and that failure to timely do so may result in the dismissal of the appeal as abandoned.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, *supra*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. (*Id*. at p. 228.) Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id*. at p. 232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id*. at p. 229.)

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) Although this case does not call for us to do so, we have independently examined the record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

The jury instructions are part of the record of conviction and may be reviewed to make the prima facie determination, because the instructions "given at a petitioner's trial may provide 'readily ascertainable facts from the record' that refute the petitioner's showing, and reliance on them to make the eligibility or entitlement determinations may not amount to 'factfinding involving the weighing of evidence or the exercise of discretion,'" which must wait to occur until after an order to show cause issues. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055; see *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.) Where the record shows that the trial court did not instruct the defendant's jury as to the felony murder rule, the natural and probable consequences doctrine or other theory of imputed malice, he is not entitled to relief under section 1172.6 as a matter of law. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Cortes* (2022) 75 Cal.App.5th 198, 205; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677; *People v. Soto*, *supra*, at p. 1055; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5.)

The jury here was not instructed on the felony murder rule, natural and probable consequences doctrine, or any other theory of imputed-malice liability. Under the instructions given, the jury necessarily concluded defendant, with express malice, personally committed a willful, deliberate, and premeditated attempted murder. The jury instructions thus demonstrate as a matter of law that defendant is ineligible for section 1172.6 relief. (See §§ 188, 189 [express malice willful, deliberate, and premeditated murder remains a valid theory of liability under current homicide law].) To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or

she "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Defendant cannot make this showing. The trial court thus did not err by concluding defendant was ineligible for relief as a matter of law.

## IV.

## DISPOSITION

The trial court's postjudgment order denying defendant's section 1172.6 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

MILLER

J.

9